AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)       Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 24 2025 ★

LONG ISLAND OFFICE

United States of America
v.
IRA HALL

Case No: 18-cr-0239
USM No: 90886-053

Date of Original Judgment: 10/05/2021
Date of Previous Amended Judgment: _____
*(Use Date of Last Amended Judgment if Any)*

n/a (Defendant acting pro se)
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.* ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months is reduced to _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant is ineligible for a sentence reduction pursuant to Part A of Amendment 821, which addresses "status points", because his imposed sentence is well-below what would have been his amended sentence range. See United States v. Torres, No. 06-CR-0987, 2024 WL 621554 (S.D.N.Y. Feb. 14, 2024); see also United States v. Garcia, No. 20-CR-0673, 2024 WL 586459 (S.D.N.Y. Feb. 12, 2024). Here, Defendant was sentenced to 156 months' incarceration, which is substantially below the sentence range he would have faced had he not received status points. If Amendment 821 been in effect, Defendant's Offense Level would have remained 36, but his Criminal History Category would have been IV, resulting in a Guidelines range of 262 to 327 months' imprisonment. See U.S.S.G., Ch. 5, Pt. A. Given that Defendant's sentence of 156 months' imprisonment falls well-below this amended range, Defendant is not eligible for the requested sentence reduction, thereby warranting the denial of his Amendment 821 Motion. (See ECF No. 65.)

Except as otherwise provided, all provisions of the judgment dated 10/05/2021 shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 2/24/25

/s/ Joanna Seybert
*Judge's signature*

JOANNA SEYBERT, U.S.D.J., E.D.N.Y.
*Printed name and title*

Effective Date: _____
*(if different from order date)*