UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

-against-

ORDER
18-CR-0239 (JS)

IRA HALL,

Defendant.
----------------------------------X
APPEARANCES

For Defendant: Ira Hall, Pro Se
Reg. No. 90886-053
FCI Beaumont Low
Federal Correctional Institution
P.O. Box. 26020
Beaumont, Texas 77720

For United States: No Appearance

SEYBERT, District Judge:

Presently before the Court is the July 28, 2026 letter motion of Defendant Ira Hall ("Defendant") requesting this Court correct Defendant's jail credit regarding the time he served in non-federal facilities from his August 27, 2017 arrest, which was before this Court imposed sentencing, until Defendant was transferred to federal custody. (See Letter Motion, ECF No. 67.[1]) The Letter Motion is DENIED without prejudice to renew as a Section 2241 habeas petition in the appropriate court in Texas, after Defendant has exhausted his administrative remedies.

---

[1] While dated July 28, 2026, the Letter Motion was received by, and filed with, the Court on August 10, 2026. (See id.)

To begin

> Section 2241 . . . is the proper means to challenge the execution of a sentence. In a § 2241 petition[,] a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated.

Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004) (emphasis in original). This Court has reiterated the same:

> Under 28 U.S.C. § 2241, a petitioner can challenge the execution of his sentence, including the computation of that sentence by prison officials. See Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (stating a Section 2241 habeas petition "is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction"). Thus, pursuant to Section 2241, an inmate may challenge such matters as the computation of his sentence by prison officials. See Poindexter v. Nash, 333 F.3d 372, 377 (2d Cir. 2003) ("Under § 2241, a prisoner may challenge the . . . calculations by the Bureau of Prisons of the credit to be given for other periods of detention." (citations and internal quotation marks omitted)); see also Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001); Zenquis v. Pullen, No. 3:22-CV-1151, 2023 WL 2931585, at *1 (D. Conn. Apr. 13, 2023); Bracamonte v. Von Blanckensee, No. 18-CV-0166, 2019 WL 1368084, at *1 (S.D.N.Y. Mar. 26, 2019). **Further, a Section 2241 habeas petition must be brought in the district where the petitioner is imprisoned.** See Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004).

United States v. Yong, 2024 WL 3648259, at *7 (E.D.N.Y., 2024) (bold emphasis added); see also United States v. Sessum, No. 15-CR-0667, 2023 WL 3319424, at * 5 (S.D.N.Y. May 9, 2023) ("[Defendant] must file a petition pursuant to 28 U.S.C. § 2241 in the district where he is serving his sentence . . . in order to challenge the execution of his sentence, including the computation of sentence credits." (citations omitted)).

Here, even if it were to liberally construe Defendant's Letter Motion as a Section 2241 petition, see, e.g., United States v. Escobar, No. 15-CR-0150, 2025 WL 3201370, *2 (E.D.N.Y. Nov. 17, 2025) (construing request for First Step Act ("FSA") time credits as a Section 2241 habeas petition), and McCoy v. United States, No. 21-CR-0276, 2025 WL 974641, at *1 (E.D.N.Y. Apr. 1, 2025) (stating "[a] petitioner seeking to compel [Bureau of Prisons ("BOP")] to provide FSA credits is . . . properly made under 28 U.S.C. § 2241"), because the Letter Motion was not brought in the district where Defendant is imprisoned, i.e., Beaumont, Texas,[2] this Court lacks jurisdiction to consider Defendant's request. See Escobar, 2025 WL 3201370, at *2 (finding, where defendant was then currently incarcerated in Miami, Florida, the court in the Eastern District of New York lacked jurisdiction to consider

[2] See BOP Find an Inmate, Ira Hall (BOP Reg. No. 90886-053) (identifying Defendant's location as "Beaumont Low FCI", which is located in Beaumont, Texas), https://www.bop.gov.inmateloc (last visited Aug. 12, 2026).

defendant's request for FSA time credits) (citing Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004)). Defendant should have made his request to the district court of the Eastern District of Texas, Beaumont Division.

Moreover, before seeking habeas relief, a defendant must exhaust his administrative remedies. See generally Carmona v. U.S. Bureau of Prisons, 243 F.3d 629 (2d Cir. 2001). Here, even if it had jurisdiction to decide the Letter Motion (which it does not), this Court would deny said Letter Motion as premature since there is no indication Defendant exhausted the administrative remedies available to him; in this instance, that is the Federal Bureau of Prisons' Administrative Remedy Program. Said Program allows an inmate to seek formal review of issues relating to any aspect of his own confinement. See FED. BUREAU OF PRISONS, U.S. DEP'T OF JUSTICE, PROGRAM STATEMENT NO. 1330.18, ADMIN. REMEDY PROGRAM, 1(a) Purpose (Jan. 6, 2014), available at https://www.bop.gov/policy/progstat/1330_018.pdf. Filing a Form BP-9 begins the formal process of the Administrative Remedy Request; filing Form BP-10 begins the initial appeal process of the Administrative Remedy Request.

In any event, "it falls to BOP, not the district judge, to determine . . . whether the defendant should receive credit for time spent in custody before the sentence 'commenced'." United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997) (citing 18 U.S.C.

§ 3585(b), and United States v. Wilson, 503 U.S. 329 (1992) (BOP determines credit issues, not the district courts)). Indeed:

> [a]lthough a prisoner can challenge the determination of credit on his federal sentence,
>
>> [t]he Attorney General, through the BOP, possesses the sole authority to make credit determinations pursuant to 18 U.S.C. § 3585(b); the district courts do not have authority to order the BOP to either grant or deny credit or to disregard the BOP's calculations. Although prisoners may seek judicial review of the BOP's sentencing determinations after exhausting their administrative remedies, the district court is without jurisdiction to compute sentencing credit if a prisoner does not challenge his sentence and has not sought administrative review.
>
> United States v. Whaley, 148 F.3d 205, 206–07 (2d Cir.1998) (citing United States v. Wilson, 503 U.S. 329, 333, 335, 112 S. Ct. 1351, 117 L. Ed.2d 593 (1992) and United States v. Pineyro, 112 F.3d 43, 45 (2d Cir.1997)); see also Pineyro, 112 F.3d at 45 ("After a defendant is sentenced, it falls to BOP, not the district judge, to determine when a sentence is deemed to 'commence'; whether a defendant should receive credit for time spent in custody before the sentence 'commenced'; and whether the defendant should be awarded credit for 'good time.'" (citations omitted)); see also, e.g., DeVivo v. Mance, No. 08-CV-673(DNH/RFT), 2009 WL 2882937, at *6 (N.D.N.Y. July 20, 2009) ("It is the United States Attorney General, who in turn delegated responsibility to the Bureau of Prisons (BOP), and not the federal courts, who are charged with the first opportunity to determine

whether [petitioner] is entitled to the credit he alleges." (citations omitted)).

Evans v. United States, No. 08-CV-3830, 2010 WL 2026433, at *1-2 (E.D.N.Y. May 17, 2010), aff'd, 419 F. App'x 53 (2d Cir. Apr. 6, 2011). Further, pursuant to 28 U.S.C. § 2241, "a district court has the power only to review a decision by the Bureau of Prisons" regarding its "computation of credit on a federal sentence". Id. at *2.

Accordingly, **IT IS ORDERED** that the Letter Motion (ECF No. 67) is **DENIED** without prejudice to renew and in accordance with this Order; and

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to serve Defendant with a copy of this Order, including the notations "LEGAL MAIL" and "OPEN IN PRESENCE OF INMATE" on the mailing envelope.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August 13, 2026
Central Islip, New York