UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,

-against-

ORDER
18-CR-0239 (JS)

IRA HALL,

Defendant.
-----------------------------------X
APPEARANCES

For Defendant: Ira Hall, Pro Se
Reg. No. 90886-053
FCI Beaumont Low
Federal Correctional Institution
P.O. Box. 26020
Beaumont, Texas 77720

For United States: No Appearance[1]

SEYBERT, District Judge:

Presently before the Court is the pro se motion of Defendant Ira Hall ("Defendant") requesting this Court reduce his sentence based upon an amendment to Section 5H1.1 of the Sentencing Guidelines, i.e., Amendment 829 (hereafter, the Amendment 829 Motion"). (See ECF No. 69.[2]) In its discretion, because Defendant is requesting a sentence reduction and refers to a section of the U.S. Sentencing Guidelines, i.e., Section 5H1.1, the Court deems Defendant's Amendment 829 Motion as one brought pursuant to the

[1] In its discretion, the Court has declined to direct the Government to respond to the instant Motion.

[2] While dated August 31, 2026, the Letter Motion was received by, and filed with, the Court on September 8, 2026. (See id.)

First Step Act (the "FSA", the "Act" or the "First Step Act"), 18 U.S.C. § 3582(c)(1)(A).[3] For the reasons that follow, the Amendment 829 Motion is DENIED.

BACKGROUND

I. Generally

The Court assumes the reader's familiarity with the relevant factual background giving rise to this case, as well as its procedural background. For convenience, the Court summarily provides the following. On June 21, 2021, Defendant pled guilty to one count of drug possession with intent to distribute and one count of unlawful use of a firearm. (See Plea Hr'g Minute Entry, ECF No. 54.) As part of his plea, Defendant stipulated that he distributed fentanyl, which caused the death of another. (See Presentence Investigation Report ("PSR"), ECF No. 55 (sealed), ¶1; see also Def. Sent'g Memo, ECF No. 56, Part 5 ("The offense involves the tragic loss of the life of a man who overdosed on drugs. Mr. Hall supplied the drugs to a person who then sold the drugs to the decedent.").) In conjunction with its PSR, the Probation Department recommended a sentence of 202 months'

[3] The Court notes the phrase "compassionate release" is not contained in the First Step Act; rather it is one coined by the courts to characterize a reduction in sentence pursuant to said Act. See, e.g., United States v. Shakur, 498 F. Supp. 3d 490, 492 (S.D.N.Y. 2020); see also United States Brooker, 976 F.3d 228, 237 (2d Cir. 2020) (stating the phrase "compassionate release is a misnomer" as the First Step Act "in fact speaks of sentence reductions").

imprisonment for the drug conviction, to be followed by 60 months' imprisonment for the firearms conviction, which was the mandatory minimum term and which was statutorily required to run consecutively to the sentence on the drug count, for a total of 262 months' imprisonment. (See Probation Dep't Sent'g Recommend., ECF No. 55-1 (sealed), attached to PSR.) Defendant submitted a sentencing memorandum asking the Court to impose a sentence of no more than 180 months' imprisonment. (See Def. Sent'g Memo at 7.) Among other things, Defendant asked the Court to consider his challenging childhood, including the physical and sexual abuse he endured, as well as his exposure to his parents' substance abuse. (See id. at 1, 3-4, 6.) On September 28, 2021, Defendant was sentenced to 96 months' imprisonment on the drug distribution conviction and 60 months' imprisonment on the firearms conviction, for a total of 156 months' imprisonment, well below the applicable Guidelines range of 292 to 365 months' imprisonment (see Statement of Reasons, ECF No. 61 (sealed), Part III), the Probation Department's recommended 262-months sentence, and the 180-month sentence Defendant, himself, requested. (See Sent'g Hr'g Minute Entry, ECF No. 59; see also Judgment, ECF No. 60.) In doing so and over the objection of the Government, the Court granted Defendant a downward variance. (See Statement of Reasons at Part VI.B.2.)

II. The Amendment 829 Motion

The Court understands Defendant to now be requesting the Court reconsider his adverse childhood experiences of physical abuse, sexual abuse, and substance abuse, all of which were "reflected in [Defendant's] PSI/PSR and '3553' Factors at Sentencing." (Amendment 829 Motion at Part II.) In doing so, he points the Court to Amendment 829, asserting it "revises the first sentence in §5H1.1 to provide more broadly that 'age may be relevant in determining whether a departure is warranted'", as well as "adds language specifically providing that a downward departure may be warranted in cases in which the defendant was youthful at the time of the instant offense or 'Any Prior Offenses'." (Id. at Part IV.) There is no indication Defendant first sought relief on this basis from the warden of the facility where he is now housed.

Defendant is currently 38-years-old and is serving his sentence at FCI Beaumont Low, a low security federal correctional institution located in Beaumont, Texas; he has an anticipated release date of July 23, 2029. See Fed. Bureau of Prisons ("BOP"): Find an Inmate, Ira Hall (BOP Reg. No. 90886-053), https://www.bop.gov/inmateloc/ (last visited Sept. 10, 2026) (identifying Defendant's location as "Beaumont Low FCI").

DISCUSSION

I. Applicable Law

It is well-settled that "[a] court may not modify a term of imprisonment once it has been imposed except pursuant to statute." United States v. Rabuffo, No. 16-CR-0148, 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020) (quoting United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020)). The FSA is such a statute, which Act modified 18 U.S.C. § 3582(c). As recently and succinctly stated by Honorable Carol Bagley Amon of this District:

> Under section 3582(c)(1)(A), once a defendant has exhausted his administrative remedies . . . , a district court may reduce a sentence, "after considering the factors set forth in section 3553(a) to the extent they are applicable," when "extraordinary and compelling reasons warrant a reduction." 18 U.S.C. § 3582(c)(1)(A).
>
> Congress has delegated to the Sentencing Commission the power to define the circumstances in which "extraordinary and compelling reasons" exist. The Guidelines list six categories of such circumstances.

United States v. Palacios, No. 97-CR-0646, 2025 WL 1446131, at *2 (E.D.N.Y. May 20, 2025); see also U.S.S.G. § 1B1.13(b); United States v. Donato, No. 95-CR-0223, 2024 WL 1513646, *5 n.10 (E.D.N.Y. Apr. 18, 2024) ("[T]he amended guidance from the [Sentencing] Commission as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition, however initiated." (citing U.S. Sent'g Comm'n,

Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254 (effective Nov. 1, 2023), and United States v. Lopez, No. 16-CR-0317, 2024 WL 964593, at *2 (S.D.N.Y. Mar. 5, 2024))).

"A defendant's failure to exhaust administrative remedies is a threshold matter preventing the [c]ourt from considering a Section 3582 application[, i.e., a compassionate release motion]." United States v. Robinson, No. 10-CR-0789, 2022 WL 16924176, at *3 (E.D.N.Y. Nov. 14, 2022) (quoting United States v. Alvarez, No. 89-CR-0229, 2020 WL 4904586, at *2 (E.D.N.Y. Aug. 20, 2020)). And, "[i]f any one requirement is not satisfied, the district court may deny the motion without considering the remaining requirements." United States v. Hunter, No. 21-1773, 2022 WL 2288688, at *1 (2d Cir. June 24, 2022) (citing Keitt, 21 F.4th at 72-73); see also, e.g., United States v. Pimentel, No. 23-7096-CR, 2025 WL 783730, *2-3 (2d Cir. Mar. 12, 2025) (summary order) (affirming district court's denial of compassionate release where lower court's denial was based solely upon consideration of the Section 3553(a) Factors and without consideration of proffered extraordinary and compelling reasons).

"The defendant bears the burden of showing that the circumstances warrant a sentence reduction." United States v. Sellick, No. 21-2328, 2022 WL 16936829, at *1 (2d Cir. Nov. 15, 2022) (summary order) (citing United States v. Jones, 17 F.4th 371, 375 (2d Cir. 2021)); see also United States v.

Friedlander, No. 20-CR-0441, 2022 WL 2305370, at *3 (E.D.N.Y. June 24, 2022) ("A defendant 'bears the burden of showing that his release is justified.'" (quoting United States v. Patterson, No. 06-CR-0080, 2020 WL 3451542, at *1 (S.D.N.Y. June 23, 2020)). Further, "[a] district court's discretion in deciding a compassionate release motion—as in all sentencing matters—is broad." Rodriguez, 147 F.4th at 222 (quoting Brooker, 976 F.3d at 237) (citation modified)).

II. Application

Here, since Defendant proceeds pro se, the Court has construed his Amendment 829 Motion liberally to raise the strongest arguments it suggests. See Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also United States v. Romero, No. 22 Cr. 3213, 2025 WL 1732987, at *1 n.1 (2d Cir. Jun. 23, 2025) (same). Nonetheless, at every turn, said Motion fails.

As an initial matter, there is no indication Defendant has exhausted his administrative remedies, the threshold requirement for granting a compassionate release motion. On that basis alone, the Court denies Defendant's Amendment 829 Motion. However, even if Defendant was not required to first seek Amendment 829-based relief from the warden of FCI Beaumont Low, his Amendment 829 Motion does not warrant a sentence reduction for the additional following reasons.

Defendant implicitly acknowledges the Court has already considered his troubled childhood when fashioning his well-below Guidelines range sentence. (See Amendment 829 Motion at 1.) Likewise, his youthful offender convictions were also considered, having been included in his PSR, which the Court adopted without modification. (See Statement of Reasons, Part I.A (adopting PSR without change).) Defendant has not presented any extraordinary or compelling reason for the Court to consider, once more, those same factors. See, e.g., U.S.S.G. § 1B1.13(b)(1)-(6) (delineating extraordinary and compelling reasons warranting a sentence reduction)). And, in any event, "[c]ourt[s] should be wary of using [a] motion [for compassionate release] to 'correct' the sentencing court's original judgment or introduce unprincipled variance into the execution of duly-imposed sentences . . . ." United States v. Santos, No. 20-CR-0626, 2026 WL 369412, at *4 (S.D.N.Y. Feb. 10, 2026) (quoting United States v. Ebbers, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020)); see also United States v. Hoti, No. 15-CR-0651, 2026 WL 670175, at *2 (S.D.N.Y. Mar. 10, 2026) (stating a compassionate release motion is "not an opportunity to second guess or reconsider the sentencing court's original decision"). Furthermore, "[a]lthough Amendment 829 states that 'a downward departure may be warranted due to the defendant's youthfulness at the time of the offense,' U.S.S.G., App. C, amend. 829, several courts have already held that 'Amendment 829 is not

retroactive and thus does not authorize a sentence reduction.'" United States v. Gaton, No. 02-CR-0401, 2026 WL 1132836, at *2 (S.D.N.Y. Apr. 27, 2026) (quoting Hoti, 2026 WL 670175, at *2 (collecting cases)).

In that vein, as Honorable Victor Marrero of the Southern District of New York explains:

> The revisions to Section 5H1.1 [Defendant] references took effect pursuant to Amendment 829, which provided that "a downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses" and set forth "certain risk factors" that may contribute to involvement in the criminal justice system, "including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships." U.S.S.G. § 5H1.1.
>
> However, Amendment 829, which took effect on November 1, 2024, does not apply retroactively. See, e.g., United States v. John, No. 21-CR-134, 2024 WL 5155627, at *1, *3 (S.D.N.Y. Dec. 18, 2024); United States v. Haylock, No. 19-CR-846, 2024 WL 4691023, at *7 (S.D.N.Y. Nov. 6, 2024). Amendment 829 therefore does not apply to defendants - including [Defendant] - who were sentenced before the Amendment went into effect. Pursuant to Section 1B1.13(c), any amendment to the Sentencing Guidelines that has not been made retroactive "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists." U.S.S.G. § 1B1.13(c). Furthermore, on November 1, 2025, Section 5H1.1 - the age-related policy statement modified by Amendment 829 - was deleted by subsequent Amendment 836. See id. § 5H1.1.

United States v. Cummings, No. 12-CR-0031, 2025 WL 3239812, at *2 (S.D.N.Y. Nov. 20, 2025) (emphasis added). Hence, at bottom, since he was sentenced before Amendment 829 went into effect, Defendant's reliance upon Amendment 829 as a basis for a sentence reduction is misplaced.

Finally, even if Defendant was able to present an extraordinary and compelling reason premised upon Amendment 829--which he has not--he has not shown how that purported reason would outweigh consideration of the Section 3553(a) Sentencing Factors. Once more, the Court highlights Defendant has already, and quite generously, benefitted by the Court's consideration of his troubled childhood and youthful offenses when it imposed the well-below Guidelines range sentence. Defendant has not addressed how consideration of the Section 3553(a) Sentencing Factors would warrant a sentence reduction in this instance. Nor does the Court find such consideration availing; in fact, such consideration compels the denial of the Amendment 829 Motion. Defendant's crime, the distribution of illegal drugs which resulted in a death, is very serious, and its severity "warrants the sentence [Defendant] received. Moreover, a sentence reduction would not 'promote respect for the law [and] provide just punishment for the offense.'" Gaton, 2026 WL 1132836, at *4 (citing 18 U.S.C. 3553(a)). Instead, given the record before it, the Court continues to find Defendant's 156-month sentence of imprisonment remains

"sufficient, but not greater than necessary, to comply with the purposes of § 3553(a)." (Statement of Reasons at Part VIII.)

CONCLUSION

Accordingly, **IT IS ORDERED** that the Amendment 829 Motion (ECF No. 69) is **DENIED** in its entirety; and

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to serve Defendant with a copy of this Order, including the notations "LEGAL MAIL" and "OPEN IN PRESENCE OF INMATE" on the mailing envelope.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 11, 2026
Central Islip, New York